# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HENRY LENARD, | : | CIVIL NO. 3:CV-12-2465 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPERINTENDENT MR. BURNS, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner John Henry Lenard ("petitioner" or "Lenard"), a state inmate currently incarcerated at the State Correctional Institution at Forest, Marienville, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on December 10, 2012, challenging his Court of Common Pleas of Dauphin County, Pennsylvania, February 12, 2007 Third Degree Murder conviction. (Doc. 1; Doc. 9-7, at 2.)

Upon preliminary review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see R. GOVERNING § 2254 CASES R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond). Therefore, on

December 12, 2012, the parties were notified that the petition appeared to be untimely and respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations and petitioner was afforded the opportunity to file a reply. (Doc. 4.) On December 28, 2012, respondents filed a response requesting that the petition be dismissed as untimely. (Doc. 9). Petitioner filed a reply on January 18, 2013. (Doc. 6). For the reasons set forth below, the petition will be dismissed as untimely.

## I. Background

In October 2005, Lenard was arrested in Dauphin County, Pennsylvania, and charged with Third Degree Murder. See Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006 at 3, http://ujsportal.pacourts.us. Following a jury trial, on February 16, 2007, he was convicted of Third Degree Murder and, on April 11, 2007, he was sentenced to twenty to forty years in prison. (Id.; Doc. 5, ¶ 4.) On January 11, 2008, the Superior Court of Pennsylvania affirmed his judgment of sentence, and on June 19, 2008, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Id. at ¶ 5; see, Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006 at 7, http://ujsportal.pacourts.us; see also, Superior Court of Pennsylvania Electronic Docket No. 814 MDA 2007, at 2-3, http://ujsportal.pacourts.us.)

On May 11, 2009, petitioner filed his first petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 5, ¶ 6; see Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-

CR-0000541-2006 at 8, http://ujsportal.pacourts.us.) On November 24, 2009, the PCRA petition was dismissed. (See Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006 at 7, http://ujsportal.pacourts.us.) Lenard did not pursue an appeal.

On October 1, 2010, he filed a second petition which, was denied as untimely on March 14, 2011. (Doc. 5, ¶ 8; see Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006, at 9, http://ujsportal.pacourts.us.) While the second PCRA was still pending, petitioner filed a third PCRA petition. On April 4, 2011, the third petition was also denied as untimely. (See Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006, at 9, http://ujsportal.pacourts.us.) On April 21, 2011, he appealed the denial of his third PCRA petition to the Superior Court. (See Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006, at 10, http://ujsportal.pacourts.us; see also Superior Court of Pennsylvania Electronic Docket, 710 MDA 2011at 1, http://ujsportal.pacourts.us.) On October 25, 2011, the Superior Court affirmed the dismissal of the third PCRA petition as untimely. (See Superior Court of Pennsylvania Electronic Docket, 710 MDA 2011at 1, http://ujsportal.pacourts.us.)

The instant petition was filed on December 10, 2012. (Doc. 1.)

## II. **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

On April 11, 2007, petitioner was sentenced to twenty to forty months imprisonment.

4

(See Court of Common Pleas of Dauphin County Electronic Docket No. CP-22-CR-0000541-2006 at 3, http://ujsportal.pacourts.us. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). On January 11, 2008, the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence and the Pennsylvania Supreme Court denied his petition for allowance of appeal on June 19, 2008. His judgment became final ninety days later, on September 17, 2008, when his time to seek United States Supreme Court review of his direct appeal proceedings expired. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on December 10, 2012, appears to be untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken. Jenkins v. Superintendent of Laurel Highlands, — F.3d —, 2013 WL 150130 (Jan. 15, 2013).

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the limitations period was tolled on May 11, 2009, when petitioner filed his first PCRA petition; approximately 235 days after the period commenced on September 18, 2008. The period remained tolled until November 24, 2009, when his PCRA petition was denied. At that time he had the one year minus 235 days in which to file his federal petition. The one-year period expired on or about

April 3, 2010. His federal petition was filed on December 10, 2012, well after the expiration of the limitations period.

Significantly, neither the second nor third PCRA operated to toll the statute of limitations because they were rejected by the state courts as either improperly filed or untimely and, as such, are not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). A prisoner "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313

6

F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The United States Court of Appeals for the Third Circuit recently set forth the following guidelines to consider when conducting a diligence inquiry:

> The diligence requirement "does not demand a showing that the petitioner left no stone unturned." Ramos–Martinez v. United States, 638 F.3d 315, 324 (1st Cir. 2011). Rather, "[t]o determine if a petitioner has been [reasonably] diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence . . . require[s] reasonable diligence in the circumstances."). In other words, the diligence inquiry is fact-specific and depends on the circumstances faced by the particular petitioner; there are no bright line rules as to what conduct is insufficient to constitute reasonable diligence. If a petitioner "did what he reasonably thought was necessary to preserve his rights . . . based on information he received . . ., then he can hardly be faulted for not acting more 'diligently' than he did." Holmes v. Spencer, 685 F.3d 51, 65 (1st Cir. 2012).

Munchinski v. Wilson, 694 F.3d 308, 330-31 (3d Cir. 2012).

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)

The Commonwealth argues that Lenard's failure to challenge the November 24, 2009,

7

dismissal of his first PCRA petition with the appellate courts demonstrates that he has not exercised reasonable diligence in challenging his conviction. (Doc. 5 at 4-5.) The Court agrees. The only explanation offered by Lenard is that he chose not to appeal the denial of his PCRA petition "because [the] alleged claims lacked merit." (Doc. 6, at 1.) In excess of ten months elapsed before he filed his second PCRA on October 1, 2010, which was denied on March 13, 2011, as untimely. (Doc. 5, ¶ 8.) Again, he represents that he "never filed a direct appeal because [the] alleged claims lack merit." (Doc. 6, at 2.) A third PCRA petition was filed on March 7, 2011, and also denied as untimely. (Id.) The denial of his third petition as untimely was affirmed by the superior court on October 25, 2011. He did not file his petition in this court until December 10, 2012, after more than a year had elapsed since the conclusion of his pursuit of state court proceedings. It is evident that Lenard has been far from diligent in pursuing his rights.[1] Consequently, he is unable to benefit from equitable tolling.

---

[1]Conversely, in applying the reasonable diligence standard, the Munchinski court found that:

> Over the past several decades, Munchinski has vigorously pursued relief in state and federal courts. He has filed five petitions for post-conviction relief, all raising substantial and difficult questions about his conviction. He filed the PCRA II petition very soon after discovering the Bates Report, though the petition was mistakenly dismissed by the court. He followed the PCRA II court's implicit suggestion and filed his PCRA III petition within a month of our dismissal of the Appeal, when the alleged jurisdictional issue had been resolved. Throughout this process, he continued to collect evidence. He presented this evidence in his PCRA III petition—if the PCRA II court had been correct about the jurisdictional issue, this evidence would have been timely presented under 42 Pa. Cons.Stat. Ann. § 9545(b)(2).

Munchinski, 694 F.3d at 331.

**III.    Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

**IV.    Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order follows.

**BY THE COURT:**

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: January 25, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HENRY LENARD, | : | CIVIL NO. 3:CV-12-2465 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPERINTENDENT MR. BURNS, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 25th day of January 2013, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

                                                 **BY THE COURT:**

                                               **s/James M. Munley**
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Court**